# EXHIBIT 1

1

COMMONWEALTH OF MASSACHUSETTS

ESSEX, SS.

SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
C.A. No.: 2477CV01237A

|  |  |
|---|---|
| MARK A. DARLING, | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| v. | ) |
| | ) |
| LANDMANN USA, INC. and | ) |
| AMAZON.COM SERVICES, LLC | ) |
| | ) |
| Defendants | ) |
| | ) |

RECEIVED

## COMPLAINT

### PARTIES

(1)    The Plaintiff, Mark A. Darling (hereinafter "Darling") is an individual residing in Peabody, Essex County, Massachusetts.

(2)    The Defendant, Landmann USA, Inc. (hereinafter "Landmann") was at all times relevant to this Complaint a foreign corporation with a principal office located now or formerly of Fairburn, Georgia.

(3)    The Defendant, Amazon.Com, Services, LLC (hereinafter "Amazon Services"), is a Delaware corporation with a principal office located in North Seattle, Washington. Upon information and belief, Amazon Services is the parent entity of Amazon.Com, LLC, which merged into Amazon Services at a time subsequent to the incident described in this Complaint.

## JURISDICTION AND VENUE

(4)    The events which are the subject of this Complaint occurred in Peabody, Essex County, Massachusetts. As such venue in this Court is proper.

(5)    The Court has personal jurisdiction over the defendants pursuant to M.G.L. c. 223A §3.

## FACTS COMMON TO ALL COUNTS

(6)    The Plaintiff restates and realleges Paragraphs (1) through (5) as if fully stated herein.

(7)    On or about October 15, 2014, Amazon Services sold to Darling a product which it advertised for sale to the general public as an outdoor fireplace known and identified as a Landmann "Ball of Fire" Outdoor Fireplace (hereinafter "the Fireplace"), all as more particularly described by the Order Confirmation e-mail attached hereto as Exhibit "A", and specifically identifying this consumer sale as Order No. 104-7544547-3865036.

(8)    The Fireplace was distributed by Amazon Services to Darling.

(9)    The Fireplace was designed and manufactured by Landmann.

(10)    Landmann was a merchant with respect to the Fireplace and had, for a substantial period of time up and through the incident described in this Complaint, been in the business of manufacturing and/or designing and distributing outdoor fireplace products, including the Fireplace involved in this incident, throughout the United State and Massachusetts.

(11)    Amazon Services was a merchant with respect to the Fireplace and had been for a substantial period of time prior to and through the incident described in this Complaint, and continues through this date, to be in the business of selling and distributing products such as the

2

one involved in this incident, including the Fireplace, throughout the United States and Massachusetts.

(12)     On December 5, 2021, while Darling was emptying the contents of ash and debris located in the bottom of the Fireplace, the top of the *ball* shaped Fireplace suddenly, and without warning, rapidly closed, acting much like a gravity accelerated guillotine, with the sharp edge of the top component severing the distal end of Darling's left ring finger.

(13)     The design and manufacture of the Fireplace created a defect which, when used by Darling for a reasonably intended purpose as above described, effortlessly amputated a portion of Darling's finger. As such, the Fireplace was defective and unsafe as sold and constituted a latent risk of substantial injury when the Fireplace is being moved and/or emptied.

(14)     As a result of this incident, Darling has sustained serious, disabling and permanent injuries, including, but not limited to pain and suffering, hospital and medical expenses, disability and permanent impairment, loss of wages and earning capacity.

## COUNT I

### (Breach of Implied Warranty)

### v. Landmann

(15)     The Plaintiff Mark A. Darling restates and realleges Paragraphs (1) through (14) as are fully stated herein.

(16)     Landmann impliedly warranted that the said Fireplace and its component parts were safe, merchantable and fit for its intended use and purpose.

(17)     Landmann breached its warranties because said Fireplace was unsafe, not of merchantable quality, and unfit for its intended use and purposes.

3

(18)    Landmann's foreseeable customers, such as Darling, and those who Landmann foresaw or should have foreseen would come into contact with the Fireplace, relied on the warranties made by Landmann.

(19)    The injuries suffered by Darling were a direct and proximate result of Landmann's breach of the implied warranties of merchantability as hereinabove set forth.

WHEREFORE, the Plaintiff, Mark A. Darling, demands Judgment against the Defendant Landmann USA, in an amount this Court deems just and appropriate so as to compensate him for his injuries, together with interest and costs, including attorney's fees.

## COUNT II

### (Breach of Warranty for Particular Purpose)

### v. Landmann

(20)    The Plaintiff Mark A. Darling restates and realleges Paragraphs (1) through (19) as are fully stated herein.

(21)    Landmann expressly or impliedly warranted that the said Fireplace and its component parts were safe and fit for a particular purpose.

(22)    Landmann breached its warranties because the product was unsafe and not fit for the particular purpose as warranted.

(23)    Landmann's customers, and those who Landmann foresaw or reasonably should have foreseen would come in contact with the Fireplace, such as Darling, relied on the warranties made by Landmann.

(24)    The injuries suffered by Darling were the direct and proximate result of Landmann's breach of warranties as hereinabove set forth.

4

WHEREFORE, the Plaintiff, Mark A. Darling, demands Judgment against the Defendant Landmann in an amount this Court deems just and appropriate so as to compensate him for his injuries, together with interest and costs, including attorney's fees.

### COUNT III

### (Breach of Express Warranty)

### v. Landmann

(25)   The Plaintiff Mark A. Darling restates and realleges Paragraphs (1) through (24) as are fully stated herein.

(26)   Prior to Darling's injuries as above-described, Landmann induced customers to purchase the Fireplace through advertisements and other communication materials directed to the attention of the public, and expressly warranted that the Fireplace could be safely used by users such as Darling for its intended or particular purpose and was safe and free of defects.

(27)   In using the Fireplace that caused Darling's injuries alleged above, Darling relied on the skill and judgment of Landmann and on Landmann's express warranties that the Fireplace, and all components to same, were safe and free from defects.

(28)   At the time of Darling's use and injuries as alleged above, Landmann's express warranties were not true and the Fireplace was, in fact, defective and not safe nor reasonably suitable and fit for the use as advertised or otherwise represented by Landmann.

(29)   Such breaches of express warranties by Landmann was the proximate cause of Darling's injuries herein alleged.

5

(30)     As a direct and proximate result of such breach of express warranty by Landmann and the defective conditions of the Fireplace, Darling sustained serious personal injuries as above-described.

WHEREFORE, the Plaintiff, Mark A. Darling, demands Judgment against the Defendant Landmann, in an amount this Court deems just and appropriate so as to compensate him for his injuries, together with interest and costs, including attorney's fees.

## COUNT IV

### (Negligence)

### v. Landmann

(31)     The Plaintiff Mark A. Darling restates and realleges Paragraphs (1) through (30) as are fully stated herein.

(32)     The injuries sustained by Darling as above-described were a direct and proximate result of the negligence of Landmann, by and through its agents, servants and employees, in failing to provide a safe product, namely the Fireplace, for its intended use and as expected from its intended consumers such as Darling.

(33)     Landmann breached its duties of due care and acted negligently in failing to warn, instruct or otherwise educate intended customers, such a Darling, on the defective conditions of the Fireplace and the potential risks and hazards attendant to the Fireplace and as to such use of the Fireplace by a customer, such as Darling, that would prevent or otherwise reduce risk of defects of the Fireplace leading to injury.

(34)     Landmann negligently designed and manufactured the Fireplace by failing to install components to the Fireplace that would prevent or otherwise reduce the risk of

components of the Fireplace acting as slicing and dicing occurrences when used in a reasonably foreseeable manner, such as used by Darling as described aforesaid.

(35)    The injuries of Darling were a direct and proximate result of carelessness, unskillfulness and/or negligence of Landmann, including, but not limited to, Landmann's failure to appropriately market or otherwise represent and educate consumers of the defects and potential risks and hazards of the Fireplace; failure to properly label, instruct, warn, caution or educate as to the Fireplace's use and potential hazards; failing to warn Darling of the defective conditions and potential hazards of its use.

(36)    As a direct and proximate result of the carelessness and negligence of Landmann, Darling was caused to sustain severe and permanent personal injuries, including conscious pain and suffering, physical injuries and harm, emotional injuries and harm, permanent impairment of bodily function, loss earnings and impairment of earning capacity, medical expenses, and costs of future care, among other damages and harm.

WHEREFORE, the Plaintiff, Mark A. Darling, demands Judgment against the Defendant Landmann, in an amount this Court deems just and appropriate so as to compensate him for his injuries, together with interest and costs, including attorney's fees.

## COUNT V

## (Breach of Implied Warranty)

### v. Amazon Services

(37)    The Plaintiff Mark A. Darling restates and realleges Paragraphs (1) through (36) as are fully stated herein.

7

(38)    Amazon Services impliedly warranted that the said Fireplace and its component parts were safe, merchantable and fit for its intended use and purpose.

(39)    Amazon Services breached its warranties because it sold and distributed said Fireplace which was unsafe, not of merchantable quality, and unfit for its intended use and purposes.

(40)    Amazon Services' foreseeable customers, such as Darling, and those who Amazon Services foresaw or should have foreseen would come into contact with the Fireplace through Amazon Services' distribution and sale of same, relied on the warranties made by Amazon Services.

(41)    The injuries suffered by Darling were a direct and proximate result of Amazon Services' breach of the implied warranties at merchantability as hereinabove set forth.

WHEREFORE, the Plaintiff, Mark A. Darling, demands Judgment against the Defendant Amazon.Com Services, LLC, in an amount this Court deems just and appropriate so as to compensate him for his injuries, together with interest and costs, including attorney's fees.

<u>COUNT VI</u>

<u>(Breach of Warranty for Particular Purpose)</u>

<u>v. Amazon Services</u>

(42)    The Plaintiff Mark A. Darling restates and realleges Paragraphs (1) through (41) as are fully stated herein.

8

(43)    The Fireplace was marketed, distributed, placed in the stream of commerce and sold by Amazon Services with a reasonable expectation that it would be used by consumers such as Darling for its intended purpose. Amazon Services expressly or impliedly warranted that the said Fireplace and its component parts were safe and fit for a particular purpose.

(44)    Amazon Services breached its warranties because the product it marketed, distributed and placed in the stream of commerce was sold in an unsafe and defective condition, and not fit for the particular purpose as warranted.

(45)    Amazon Services' customers, and those who Amazon Services foresaw or reasonably should have foreseen would come in contact with the Fireplace, such as Darling, relied on the warranties made by Amazon Services.

(46)    The injuries suffered by Darling were the direct and proximate result of Amazon Services' breach of warranties as hereinabove set forth.

WHEREFORE, the Plaintiff, Mark A. Darling, demands Judgment against the Defendant Amazon.Com Services, LLC, in an amount this Court deems just and appropriate so as to compensate him for his injuries, together with interest and costs, including attorney's fees.

## COUNT VII

### (Breach of Express Warranty)

### v. Amazon Services

(47)    The Plaintiff Mark A. Darling restates and realleges Paragraphs (1) through (46) as are fully stated herein.

9

(48)    Prior to Darling's injuries as above-described, Amazon Services induced customers to purchase the Fireplace through advertisements, descriptions and other communication materials directed to the attention of the public, and expressly warranted that the Fireplace that Amazon Services sold to Darling could be safely used by users such as Darling for its intended or particular purpose and was safe and free of defects.

(49)    In using the Fireplace that caused Darling's injuries alleged above, Darling relied on the skill and judgment of Amazon Services and on Amazon Services' express warranties that the Fireplace, and all components to same, were safe and free from defects, and Darling did in fact purchase and use the Fireplace for its intended and particular purpose.

(50)    At the time of Darling's use and injuries as alleged above, Amazon Services' express warranties were not true and the Fireplace which Amazon Services sold to Darling was, in fact, defective and not safe nor reasonably suitable and fit for the use as advertised or otherwise represented by Amazon Services.

(51)    Such breaches of express warranties by Amazon Services was the proximate cause of Darling's injuries herein alleged.

(52)    As a direct and proximate result of such breach of express warranty by Amazon Services and the defective conditions of the Fireplace, Darling sustained serious personal injuries as above-described.

WHEREFORE, the Plaintiff, Mark A. Darling, demands Judgment against the Defendant Amazon.Com Services, LLC, in an amount this Court deems just and appropriate so as to compensate him for his injuries, together with interest and costs, including attorney's fees.

10

## COUNT VIII

### (Negligence)

### v. Amazon Services

(53)    The Plaintiff Mark A. Darling restates and realleges Paragraphs (1) through (52) as are fully stated herein.

(54)    The injuries sustained by Darling as above-described were a direct and proximate result of the negligence of Amazon Services, by and through its agents, servants and employees, in failing to provide a safe product, namely the Fireplace, for its intended use and as expected from its intended consumers such as Darling.

(55)    Amazon Services breached its duties of due care and acted negligently in failing to warn, instruct or otherwise educate intended customers, such as Darling, on the defective conditions of the Fireplace it sold to Darling; and the potential risks and hazards attendant to the Fireplace and as to such use of the Fireplace by a customer, such as Darling, that would prevent or otherwise reduce risk of defects of the Fireplace leading to injury.

(56)    Amazon Services negligently distributed and sold the Fireplace that was not safe nor of merchantable quality, and was defective as its components failed to prevent or otherwise reduce the risk of the Fireplace acting as slicing and dicing occurrence when used in a reasonably foreseeable manner, such as used by Darling as described aforesaid.

(57)    The injuries of Darling were a direct and proximate result of carelessness, unskillfulness and/or negligence of Amazon Services, including, but not limited to, Amazon Services' failure to appropriately market or otherwise represent and educate consumers of the defects and potential risks and hazards of the Fireplace; failure to properly label, instruct, warn,

11

caution or educate as to the Fireplace's use and potential hazards; failing to warn Darling of the defective conditions and potential hazards of its use.

(58)    As a direct and proximate result of the carelessness and negligence of Amazon Services, Darling was caused to sustain severe and permanent personal injuries, including conscious pain and suffering, physical injuries and harm, emotional injuries and harm, permanent impairment of bodily function, loss earnings and impairment of earning capacity, medical expenses, and costs of future care, among other damages and harm.

WHEREFORE, the Plaintiff, Mark A. Darling, demands Judgment against the Defendant Amazon.Com Services, LLC, in an amount this Court deems just and appropriate so as to compensate him for his injuries, together with interest and costs, including attorney's fees.

**PLAINTIFF DEMANDS TRIAL BY JURY ON ALL COUNTS SO TRIABLE**

Respectfully submitted,

MARK A. DARLING,

Plaintiff,

By his attorney,

Dated: _____

Charles E. Gill, Jr., Esq.
610 Main Street
Melrose, MA 02176
(781) 655-1888
BBO No.: 192010

12

**amazon.com**

## Final Details for Order #104-7544547-3865036
Print this page for your records.

**Order Placed:** October 12, 2014
**Amazon.com order number:** 104-7544547-3865036
**Order Total: $159.36**

## Shipped on October 13, 2014

| Items Ordered | Price |
|---|---|
| 1 of: *Landmann USA 28925 Ball of Fire Outdoor Fireplace*<br>Sold by: Amazon.com Services LLC | $149.99 |

Condition: New

**Shipping Address:**
Mark A. Darling
19 RAYMOND CIR
PEABODY, MA 01960-4116
United States

**Shipping Speed:**
Standard Shipping

## Payment information

**Payment Method:**
MasterCard | Last digits: 7960

**Billing address**
Mark A. Darling
6 KIMBALL LN STE 200
LYNNFIELD, MA 01940-2684
United States

| | |
|---|---|
| Item(s) Subtotal: | $149.99 |
| Shipping & Handling: | $0.00 |
| | ----- |
| Total before tax: | $149.99 |
| Estimated tax to be collected: | $9.37 |
| | ----- |
| **Grand Total:** | **$159.36** |

To view the status of your order, return to Order Summary.

Conditions of Use | Privacy Notice © 1996-2022, Amazon.com, Inc. or its affiliates

| CIVIL ACTION COVER SHEET | DOCKET NUMBER 2477CV01237A | Massachusetts Trial Court Superior Court |
|---|---|---|
| | | COUNTY Essex Superior Court (Salem) |

| Plaintiff | Mark A. Darling | Defendant: | Amazon.Com Service, LLC |
|---|---|---|---|
| ADDRESS: | 19 Raymond Circle | ADDRESS: | 410 Terry Avenue North |
| | Peabody, MA 01960 | | Seattle, WA 98109 |

**RECEIVED**

| Plaintiff Attorney: | Charles E. Gill, Jr., Esq. | Defendant: | Landmann USA, Inc. |
|---|---|---|---|
| ADDRESS: | 610 Main Street | ADDRESS: | 7405 Graham Road |
| | Melrose, MA 02176 | | Fairburn, GA 30213 |

| BBO: | 192010 |
|---|---|

### TYPE OF ACTION AND TRACK DESIGNATION (see Instructions section on next page)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | HAS A JURY CLAIM BEEN MADE? |
|---|---|---|---|
| B05 | Products Liability | A | ☒ YES  ☐ NO |

*If "Other" please describe: _____

Is there a claim under G.L. c. 93A?  ☐ YES  ☒ NO     Is there a class action under Mass. R. Civ. P. 23?  ☐ YES  ☒ NO

### STATEMENT OF DAMAGES REQUIRED BY G.L. c. 212, § 3A

The following is a full, itemized and detailed statement of the facts on which the undersigned plaintiff or plaintiff's counsel relies to determine money damages. (Note to plaintiff: for this form, do not state double or treble damages; indicate single damages only.)

**TORT CLAIMS**

A. Documented medical expenses to date

    1. Total hospital expenses ............................................. $8,169.00

    2. Total doctor expenses

    3. Total chiropractic expenses

    4. Total physical therapy expenses

    5. Total other expenses (describe below)

                    Subtotal (1-5): $8,169.00

B. Documented lost wages and compensation to date

C. Documented property damages to date

D. Reasonably anticipated future medical and hospital expenses ............................................. $25,000.00

E. Reasonably anticipated lost wages

F. Other documented items of damages (describe below) ............................................. $100,000.00 (H)

Pain and Suffering, Permanent Amputation, Disfigurement and Impairment, Diminution of Quality and Enjoyment of Life. See description of Plaintiff's Injury attached.

                    TOTAL (A-F): $133,169.00

G. Briefly describe plaintiff's injury, including the nature and extent of the injury:

SEE ATTACHED DESCRIPTION

### CONTRACT CLAIMS

☐ This action includes a claim involving collection of a debt incurred pursuant to a revolving credit agreement. Mass. R. Civ. P. 8.1(a).

| Item # | Detailed Description of Each Claim | Amount |
|---|---|---|
| 1. | | |
| | Total | |

Signature of Attorney/Self-Represented Plaintiff: X _____  Date: _____

RELATED ACTIONS: Please provide the case number, case name, and county of any related actions pending in the Superior Court.

### CERTIFICATION UNDER S.J.C. RULE 1:18(5)

I hereby certify that I have complied with requirements of Rule 5 of Supreme Judicial Court Rule 1:18: Uniform Rules on Dispute Resolution, requiring that I inform my clients about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods of dispute resolution.

Signature of Attorney: X _____  Date: 11/26/24

SC0001: 02/24 .                     www.mass.gov/courts                     Date/Time Printed: 11-26-2024 09:38:54

## DESCRIPTION OF PLAINTIFF'S INJURY

Defendants Landmann and Amazon Services manufactured and sold, respectively, a defective and unsafe outdoor fireplace stove to Plaintiff. When Plaintiff commenced the emptying of the fireplace stove, a top of the ball shaped fireplace closed down on its hinge, slicing through and severing the distal end of Plaintiff's left ring finger, leaving Plaintiff with permanent disfigurement, abnormal tip growth, persisting numbness or/and hypersensitivity; with likelihood of future reconstructive surgery at great medical expense.

| CIVIL TRACKING ORDER<br>(STANDING ORDER 1- 88) | DOCKET NUMBER<br>2477CV01237 A | Trial Court of Massachusetts<br>The Superior Court |
|---|---|---|

| CASE NAME:<br>Darling, Mark A. vs. Landmann USA, Inc. et al | Thomas H. Driscoll, Jr., Clerk of Courts<br>Essex County |
|---|---|

| TO: File Copy | COURT NAME & ADDRESS<br>Essex County Superior Court - Salem<br>J. Michael Ruane Judicial Center<br>56 Federal Street<br>Salem, MA 01970 |
|---|---|

### TRACKING ORDER - A - Average

You are hereby notified that this case is on the track referenced above as per Superior Court Standing Order 1-88. The order requires that the various stages of litigation described below must be completed not later than the deadlines indicated.

| STAGES OF LITIGATION | DEADLINE | | |
|---|---|---|---|
| | SERVED BY | FILED BY | HEARD BY |
| Service of process made and return filed with the Court | | 02/24/2025 | |
| Response to the complaint filed (also see MRCP 12) | | 03/26/2025 | |
| All motions under MRCP 12, 19, and 20 | 03/26/2025 | 04/25/2025 | 05/27/2025 |
| All motions under MRCP 15 | 01/20/2026 | 02/19/2026 | 02/19/2026 |
| All discovery requests and depositions served and non-expert depositions completed | 11/16/2026 | | |
| All motions under MRCP 56 | 12/16/2026 | 01/15/2027 | |
| Final pre-trial conference held and/or firm trial date set | | | 05/17/2027 |
| Case shall be resolved and judgment shall issue by | | | 11/26/2027 |

The final pre-trial deadline is **not the scheduled date of the conference**. You will be notified of that date at a later time.

**Counsel for plaintiff must serve this tracking order on defendant before the deadline for filing return of service.**

This case is assigned to

| DATE ISSUED<br>11/26/2024 | ASSISTANT CLERK<br>Jose Mejia | PHONE<br>(978)825-4800 |
|---|---|---|

Date/Time Printed: 11-26-2024 14:06:54                                    SCV026\ 08/2018